# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOROTHY ABBOTT, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-1604** |
| **UNITED STATES OF AMERICA** | **SECTION: "H"(4)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Review of Clerk's Actions (Doc. 56). For the following reasons, the Motion is **DENIED.**

## BACKGROUND

This matter arises out of a survival action by Plaintiff Dorothy Abbott, widow of Elmer Abbott, and their four children. Plaintiffs submitted a Standard Form 95 pursuant to the Federal Tort Claims Act ("FTCA") against Defendant, the United States, alleging that Elmer Abbott was injured while passing through a Transportation Security Administration ("TSA") checkpoint at the New Orleans International Airport and requesting damages for the alleged injury. Plaintiffs contend the injury was due to the negligence of a TSA employee. Defendant did not respond within the six-month administrative review period required before filing suit under the FTCA, after which Plaintiffs filed suit. This Court dismissed Plaintiffs' negligence claims with prejudice for

1

failure to produce any evidence of negligence by Defendant.[1] The Clerk of Court ("Clerk") ordered Plaintiffs to pay costs in the amount of $2,581.40 in accordance with 28 U.S.C. § 1920(2).[2] Costs included depositions of three TSA employees, eight individuals listed on Plaintiffs' witness list, and a transcript of the oral argument hearing regarding Defendant's motion for summary judgment.[3]

Plaintiff filed the instant Motion for Review of Clerk's Actions on the grounds Defendant is not entitled to costs for the following reasons: (1) Defendant did not need to depose two non-party witnesses; (2) Defendant "stonewalled" Plaintiffs in regards to production of security footage; and (3) Defendant and Plaintiffs have a large disparity in financial resources. Defendant opposes the motion.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) provides that costs should be awarded to the prevailing party unless a federal statute, rule or court order provides otherwise, giving the district judge wide discretion in awarding costs.[4] Further, 28 U.S.C. § 1920 provides that a prevailing party may recover costs for transcripts necessarily obtained for use in the trial.[5] A court may review the clerk's action to award costs on motion served within seven days of taxation of costs.[6] However, "only when a clear abuse of discretion is shown can an award of cost be overturned."[7]

---

[1] *See* R. Doc. 50.
[2] *See* R. Doc. 55 at 3.
[3] *See* R. Doc. 55 at 3.
[4] Energy Mgmt. Corp. v. City of Shreveport, 467 F.3d 471, 483 (5th Cir. 2006).
[5] Stearns Airport Equip. Co., Inc. v. FMC Corp., 170 F.3d 518, 536 (5th Cir. 1999).
[6] FED. R. CIV. P. 54(d).
[7] Pacheco v. Mineta, 448 F.3d 783, 794 (5th Cir. 2006).

In determining that a losing party's good faith alone is not sufficient to justify withholding costs from a prevailing party, the Fifth Circuit has approvingly cited five factors that may warrant withholding costs from a prevailing party: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.[8]

**LAW AND ANALYSIS**

Plaintiffs contend that the Clerk wrongfully awarded Defendant costs on the grounds that: (1) Defendant did not need to depose two non-party witnesses; (2) Defendant "stonewalled" Plaintiffs in regards to production of security footage; and (3) Defendant and Plaintiff have a large disparity in financial resources.[9] The Court will analyze each of these claims in turn.

**I. Deposition of Unnecessary Witnesses**

Plaintiffs first argue that they should not be required to pay for the depositions of Robert and Meagan Mawyer because they were not plaintiffs and voluntarily produced themselves for depositions without a subpoena.[10] According to 28 U.S.C. § 1920, a prevailing party may recover "fees for printed or electronically recorded transcripts necessarily obtained for use in the case."[11] A deposition is necessarily obtained if, at the time it was taken, it could reasonably be expected to be used during trial preparation, rather than merely for discovery.[12] The trial court is afforded great latitude in making the factual

---

[8] *Id.* at 794.
[9] *See* R. Doc. 56 at 2.
[10] *See* R. Doc. 56 at 2.
[11] 28 U.S.C. § 1920.
[12] Fogleman v. ARAMCO, 920 F.2d 278, 285–86 (5th Cir. 1991).

determination of whether a deposition is necessarily obtained for trial preparation.[13]

Here, Defendant used the depositions of Robert and Meagan Mawyer to support its motion for summary judgment.[14] Further, in the event that the motion had been denied, Defendant intended to use the transcripts to prepare its witnesses for trial and conduct cross-examination or impeachment of Plaintiffs' witnesses.[15] Thus, these depositions were necessarily obtained for trial preparation and are included in costs to the prevailing party.

Robert and Meagan Mawyer are also included on Plaintiff's witness list as individuals intended to be called at trial.[16] Depositions of witnesses intended to be called at trial are necessarily obtained for use in the case, and thus the prevailing party is entitled to recover the cost of those depositions as a matter of law.[17] Here, the Mawyers' inclusion on Plaintiffs' witness list indicates that their depositions were necessarily obtained for trial preparation. Thus, because there was a reasonable expectation these depositions would be used for trial preparation rather than mere discovery, they are included in costs to the prevailing party.

## II. "Stonewalling" of Plaintiffs Regarding Security Footage

Next, Plaintiffs contend that they were "stonewalled" regarding production of CCTV footage in response to Plaintiffs' SF–95 settlement demand.[18] Plaintiffs argue that much of the costs incurred would have been avoided had the TSA produced the surveillance videos to Plaintiffs during the 180-day administrative claims period that is required before a plaintiff may

---

[13] *Id.* at 286.
[14] *Id.*
[15] *See* R. Doc. 57 at 4.
[16] *See* R. Doc. 24 at 1.
[17] Marmillion v. Am. Int'l Ins. Co., 381 F. App'x 421, 424 (5th Cir. 2010).
[18] *See* R. Doc. 56 at 2.

file suit under the Federal Tort Claims Act.[19] Instead, Defendant allowed this period to expire and only turned over the footage after suit had been filed.[20] Defendant contends that although Plaintiffs do not accuse them specifically of "misconduct," the implication of misconduct exists. Further, Defendant claims that there is no evidence of a request by Plaintiffs for Defendant to produce surveillance footage, and the requested footage was shown to Plaintiffs just seven days after the scheduling conference in this case.[21]

Under the FTCA, the agency which a claim is filed against has six months to respond to the claim.[22] If the agency does not respond within six months, the claimant may either file suit or wait until all administrative remedies are exhausted by waiting for the agency to respond.[23] Federal agencies frequently do not respond during this six-month period, and failure to settle a claim during this period does not bar later litigation.[24] Further, failure to provide pertinent information to opposing council does not necessarily bar a party from litigation or constitute misconduct, even if such information would have been necessary for the administrative settlement of the claim.[25]

Here, Defendant did not produce the relevant surveillance footage during the administrative review process.[26] However, at no time did Plaintiffs make any written demands for this footage during the six-month period.[27] In fact, Plaintiffs had possession of the footage nine months before the scheduled

---

[19] *See* R. Doc. 56 at 2.
[20] *See* R. Doc. 56 at 2.
[21] *See* R. Doc. 57 at 6.
[22] 28 U.S.C. § 2675(a).
[23] McNeil v. United States, 508 U.S. 106, 109 (1993).
[24] Adams v. United States, 615 F.2d 284, 286 (5th Cir. 1980).
[25] *Id.*
[26] *See* R. Doc. 56 at 2.
[27] *See* R. Doc. 57 at 6.

trial date and nearly three months before depositions began.[28] Thus, although Defendant failed to respond to Plaintiffs' SF–95 settlement demand within six months, this does not constitute misconduct sufficient to warrant a denial of costs because Plaintiffs had ample time to review the footage before the trial and depositions began.

**III. Disparity in Financial Resources**

Lastly, Plaintiffs contend the court should reverse the award of costs to Defendant due to the disparity in financial resources between the parties.[29] Plaintiffs claim this disparity violates the first and last factors set forth in *Pacheco*–the losing party's limited financial resources and the prevailing party's enormous financial resources.[30] Specifically, Plaintiffs claim that Plaintiff Dorothy Abbott is an 88-year-old retiree and "clearly a person of limited financial resources," as are her children, although Plaintiffs do not support this claim with any evidence.[31] Plaintiffs contend that, in contrast, the USA is obviously of enormous financial resources.[32] Defendant argues Plaintiffs' limited resources are not enough to defeat Rule 54's presumption that a prevailing party should recover costs.[33]

In general, in order for an unsuccessful party to avoid paying costs due to an inability to pay, the party must provide sufficient evidence to establish an undue hardship.[34] A disparity in wealth without undue hardship is not a sufficient ground to deny costs, because awarding costs based on a comparison of the parties' wealth without undue hardship would "undermine the foundation of the legal system that justice is administered to all equally,

---

[28] *See* R. Doc. 57 at 6.
[29] *See* R. Doc. 56 at 2.
[30] *See Pacheco,* 448 F.3d 783 at 794.
[31] *See* R. Doc. 56.
[32] *See* R. Doc. 56 at 2.
[33] *See* R. Doc. 57 at 7.
[34] Moore v. CITGO Ref. & Chemicals Co., L.P., 735 F.3d 309, 320 (5th Cir. 2013).

regardless of wealth or status."[35] Here, Plaintiffs have shown no evidence of undue hardship, but have simply pointed out their limited financial resources in comparison to Defendant's enormous financial resources.[36] Thus, because there is no undue hardship demonstrated by Plaintiffs, the disparity of wealth between parties is not sufficient to warrant a reduction in costs. Because each of the relevant *Pacheco* factors weighs in favor of Defendant, the Clerk did not abuse their discretion in awarding Defendant costs.

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Review of Clerk's Actions is **DENIED.**

New Orleans, Louisiana this 18th day of July, 2018.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[35] *Id.*
[36] *See* R. Doc. 56 at 2.